D. C. WEEKS & SON v. WEBB et al.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

1. INDEMNITY (§ 9*)—EXPENSES INCURRED—REASONABLENESS.

Where defendants requested plaintiff to employ a third party to do work on a building, agreeing to reimburse plaintiff for the expense incurred. they could not be held bound to repay, without regard to the reasonableness of the charge.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 16; Dec. Dig. § 9.*]

2. INDEMNITY (§ 15*)—SCOPE OF LIABILITY—REASONABLENESS OF PAYMENT—BURDEN OF PROOF.

Defendants requested plaintiff to employ a third party to do work on a building, promising to reimburse them for expenses incurred. Plaintiff paid the bill for the work without defendants' assent as to its reasonableness. *Held,* that the burden of establishing the reasonableness of the amount paid, so that it could recover, was upon plaintiff, and on its having made no attempt to do so, the fair cost of the work, as shown by defendants' evidence, established the sum for which plaintiff should be reimbursed.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 44; Dec. Dig. § 15.*]

Appeal from Trial Term, New York County.

Action by D. C. Weeks & Son against William A. Webb and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Albert Francis Hagar, for appellants.
A. P. Bachman, for respondent.

SCOTT, J. Plaintiff sues to recover the sum of $359.87, alleged to have been paid to the Eastern Bridge & Structural Company upon a promise in writing that the defendants would reimburse the plaintiff for the amount so paid. The plaintiff was engaged in erecting a telephone building in Syracuse. Defendants were under contract with it to do a certain part of the work, including, among other things, the setting in place of a smokestack, a water tank, and a drip pan. At defendants' request and on their account plaintiff employed the bridge company to do this part of the work. For this work the bridge company charged the sum for which suit is brought. Defendants protested, and have always consistently protested, that this charge was excessive, and that the fair value of the work did not exceed $150. The matter remained unsettled and in dispute for some time. The bridge company, having done other work for plaintiff, claimed to be entitled to receive about $600, including the amount in controversy here. The plaintiff owed defendants certain sums, payment of which was upheld 'pending a settlement of the bridge company's claim. Finally defendants wrote to plaintiff a letter containing the written promise referred to in the complaint, whereupon plaintiff paid defendants the amount due to them. Later, without the acquiescence of de-

fendants, plaintiff paid the bridge company the full amount of its claim, and now sues defendants for the sum thus paid on account of the work done for them.

The letter relied upon by plaintiff was to the effect that defendants would guarantee the repayment to plaintiff of any sum that it should be "legally compelled" to pay to the bridge company for labor performed for account of defendants on the building at Syracuse. Literally construed, this letter would create no obligation whatever on the part of defendants; for the plaintiff did not·suffer suit, or become in any sense "legally compelled" to pay the bridge company anything. The trial court, without objection or exception, construed the letter as one guaranteeing payment of any sum for which plaintiff might be "legally liable" to the bridge company on account of the work referred to. This was doubtless what the parties meant, and, thus construed, expressed merely the obligation which rested upon defendants, irrespective of any writing. Having requested plaintiff to employ the bridge company, defendants were bound to reimburse plaintiff for whatever expense it might incur. But defendants were not bound to pay anything the bridge company might see fit to demand, without regard to the reasonableness of the charge, and there is nothing in the case to indicate that defendants assented to the reasonableness of the charge made by the bridge company. Under the circumstances, the obvious thing for the plaintiff to have done was to permit itself to be sued by the bridge company, and then to have called upon defendants to defend the action. Having elected to pay the bridge company without suit, it assumed the burden of establishing in the action the reasonableness of the amount paid. This it made no attempt to do. The only evidence as to the fair cost of the work was that given by one of the defendants, who, after qualifying as an expert, placed it at $150. This, therefore, was the only sum for which, upon the evidence, the plaintiff was entitled to a judgment.

. It follows that the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the judgment to the sum of $150, with interest from February 20, 1906, in which case the judgment, as modified, will be affirmed, without costs to either party as against the other. All concur.